## BOWEN v. WOODFIELD.

[No. 4,866. Filed October 27, 1904.]

BILLS AND NOTES.—*Answer.*—*Non Est Factum.*—*Signature.*—*Execution.*—
In an action on a promissory note, an answer admitting that defendant "signed" the note sued on, but averring that thereafter, without his knowledge or consent, the note was materially altered, is insufficient, the averment of signature not being equivalent· to an averment of "execution." *p. 688.*

PLEADING.—*Reply.*—Plaintiff, by filing a reply, does not waive his exception to the action of the court in overruling his demurrer to defendant's answer. *pp. 688, 689.*

From Superior Court of Tippecanoe County; *H. H. Vinton*, Judge.

Suit by Abner T. Bowen against John Woodfield. From a judgment for defendant, plaintiff appeals. *Reversed.*

*L. D. Boyd, F. B. Everett* and *Thomas Everett*, for appellant.

*D. C. Wilson* and *M. A. Quinn*, for appellee.

ROBINSON, J.—Suit by appellant, as assignee, on the following note: "Montmorenci, Indiana, October 14, 1890. One year after date I promise to pay to the order of Bernard & Hunter, $144 at the First National Bank, La Fayette, Indiana. Value received, interest at eight ·per cent. per annum after due until paid. [Signed.] John Woodfield, Chas. Woodfield. $144 due 10-14-17-91." Indorsed: "Without recourse. Bernard &·Hunter." It is averred that the payees, for a valuable consideration, and

before maturity, indorsed and delivered the note to appellant. The action was afterwards dismissed as to Charles Woodfield. Appellee answered in eight paragraphs, the first being the general denial. Separate demurrers were overruled to each paragraph of answer except the first, and to the second and third paragraphs of reply demurrers were sustained. The first paragraph of reply, the general denial, was withdrawn, and, appellant refusing to plead further, judgment was rendered in appellee's favor.

It is first argued that the demurrer to the third paragraph of answer should have been sustained. Appellee's verified third paragraph of answer "admits that he signed the note sued on, but says that thereafter, and without the knowledge or consent of the defendant, said note was materially altered, in this: that the following words appearing in said note, to wit, 'First National Bank, LaFayette, Indiana,' were written on the face of the said note after defendant had signed the same. Wherefore" he asks judgment for costs. All this paragraph of answer undertakes to do is to allege that the alteration was made after appellee had signed the note. This is not equivalent to an allegation that the alteration was made after the note was executed which includes both the signing and the delivery. The alteration may have been made after he signed it, without his knowledge or consent, but when the note was delivered he may have known the alteration had been made, and consented that it might stand in that form, as the signing and delivery of the note were separate and distinct acts. A similar paragraph of answer was held insufficient in *Emmons* v. *Meeker,* 55 Ind. 321. See, also, *Prather* v. *Zulauf,* 38 Ind. 155.

The error in overruling the demurrer to this paragraph of answer was not cured by any averments contained in the reply. The case is here on the pleadings. An exception was reserved to the court's action in overruling the demurrer to this paragraph of answer. By replying appel-

lant did not waive his right still to question this ruling. This is not a case where the demurrer was sustained to a good paragraph while the same defense could have been made under another paragraph that remained in. The facts averred were not sufficient to bar appellant's action. Nor is this a case within the statutory inhibition against a reversal where the merits of the case have been fairly tried and determined. The question presented is one of law, not of fact. When the court overruled the demurrer to this paragraph of answer it held as matter of law that if appellee should establish the fact that the alteration was made after he signed the note, he would be entitled to judgment. The word "signed" is not synonymous with the word "executed," although the word "executed" in a pleading which expressly avers that the instrument was not delivered, may be synonymous with the word "signed." *Ricketts* v. *Harvey,* 78 Ind. 152.

Judgment reversed.