FLAUM, Circuit Judge.
The plaintiff-appellee, a Chapter 11 debt- or-in-possession, seeks to avoid an improperly recorded Indiana mortgage. Section 544(a)(3) of the Bankruptcy Code, 11 U.S.C. § 544(a)(3) (1984), allows a bankruptcy trustee to avoid such an encumbrance when it would be voidable by a bona fide purchaser. The debtor-in-possession and the intervenor argue that the mortgage at issue does not give notice to a bona fide purchaser, and therefore the plaintiff-ap-pellee may avoid it under § 544(a)(3). The defendant-appellant responds that avoidance is precluded by the debtor-in-possession’s actual knowledge of the mortgage; and that in any case the mortgage provides constructive notice to a bona fide purchaser. We reject the appellant’s actual notice argument and certify the question of constructive notice to the Indiana Supreme Court.
I.
Sandy Ridge Oil Company, Inc. (“Sandy Ridge”) purchased oil well services from Halliburton Services (“Halliburton”) for a number of years, but fell slowly into debt. On October 10, 1981, Sandy Ridge executed a promissory note in favor of Halliburton in the amount of $244,686.31 (excluding interest). To secure this note, Sandy Ridge mortgaged its oil and gas leases on six oil wells: four wells in Gibson County, Indiana, one well in Vanderburgh County, Indiana, and one well in Wabash County, Illinois. The executed mortgage was delivered in three identical counterparts and recorded with the Vanderburgh County Recorder, the Wabash County Recorder, and the Gibson County Recorder. Only the Gibson County mortgage is at issue in this case.
On May 13, 1982, Sandy Ridge filed a petition for Chapter 11 bankruptcy. As part of the Chapter 11 proceeding, Sandy Ridge filed an adversary proceeding against the Centerre Bank National Association, Halliburton, and thirteen other defendants. In that adversary proceeding Sandy Ridge contested the validity of various liens and encumbrances on the oil properties it owned or operated, and sought approval for sale of these properties free and clear of any such encumbrances. The Official Unsecured Creditors Committee (“Creditors Committee”) intervened in the adversary proceeding to contest the Gibson County mortgage.
The Gibson County mortgage, though otherwise valid, was recorded in contravention of an Indiana statute requiring the name of the person who prepared the instrument to be indicated in the document.[1] Sandy Ridge argues that because the Gibson County mortgage was improperly recorded, it is voidable by a bona fide purchaser; therefore, Sandy Ridge’s interest in the oil wells is paramount to Halliburton’s. The bankruptcy court ruled in favor of Sandy Ridge, and the district court affirmed.
II.
We find first that we have jurisdiction based on 28 U.S.C. § 158(d) (1984). *1334 This court may exercise jurisdiction over a bankruptcy appeal only when both the bankruptcy court’s and the district court’s decisions are “final” within the meaning of § 158(d). Matter of Morse Elec. Co., Inc. (Appeal of Hoosier Fence Co., Inc.), 805 F.2d 262, 264 (7th Cir.1986); Matter of Cash Currency Exchange, 762 F.2d 542, 546 (7th Cir.), cert. denied sub nom. Fryzel v. Cash Currency Exchange, Inc., — U.S. -, 106 S.Ct. 233, 88 L.Ed.2d 232 (1985). The definition of “finality,” however, is more flexible in the context of a bankruptcy proceeding than under 28 U.S.C. § 1291. See Matter of Morse Elec. Co., 805 F.2d at 264; Matter of Riggsby, 745 F.2d 1153, 1154 (7th Cir.1984).
A bankruptcy order will be considered final for § 158(d) purposes when it “finally determines” one creditor’s position. Matter of Morse Elec. Co., 805 F.2d at 264. This is so even when there is continuing action in the bankruptcy court adversary proceeding. Id. In this case, Halliburton’s position as to the Gibson County mortgage was “finally determined” by the bankruptcy court because that court held that Sandy Ridge could avoid the mortgage. The bankruptcy court’s order, and the district court’s affirmance, are therefore final within the meaning of § 158(d).[2]
III.
Section 1107(a) of the Bankruptcy Code gives a chapter 11 debtor-in-possession all the rights of a trustee, other than the right to compensation, and all the duties of a trustee, other than the investigatory duties. Section 544(a)(3), the “strong arm clause,” permits a trustee to avoid any transfer of property of the debtor, or obligation incurred by the debtor, that would be voidable by a bona fide purchaser of the property. Sandy Ridge seeks to use these sections of the Code to avoid the improperly recorded Gibson County mortgage.
Halliburton, however, argues that Sandy Ridge is bound by the Gibson County mortgage, both because it had actual knowledge of the mortgage and because a bona fide purchaser would have constructive notice of the mortgage. The first argument requires us to interpret the Bankruptcy Code; the second argument requires us to interpret Indiana law. We consider Halliburton’s “actual knowledge” argument first.
A.
Halliburton argues that Sandy Ridge may not avoid the Gibson County mortgage under § 544(a)(3), because Sandy Ridge had actual knowledge of that mortgage. In support of this argument, Halliburton relies on In re Hartman Paving, Inc., 745 F.2d 307 (4th Cir.1984). In Hartman Paving the Fourth Circuit looked to state law to determine whether a debtor-in-possession with actual notice of a deed of trust should be allowed to avoid that instrument under § 544(a). The court con *1335 eluded that because the West Virginia law of deeds of trust was not designed to protect a subsequent purchaser with actual knowledge of the transaction, the debtor-in-possession could not assert § 544(a). Hartman Paving, 745 F.2d at 310. Under the Hartman Paving analysis, therefore, this court would determine whether Indiana law was intended to protect parties to a mortgage with actual notice. If not— and the answer is presumably no — then Sandy Ridge would not be permitted to rely on § 544(a)(3). The district court in this case considered the rule of Hartman Paving, but declined to follow it, noting that its reasoning appeared to conflict with the Bankruptcy Code. We agree with the district court’s conclusion.
The rights enforced in bankruptcy are rights created by state law. Matter of Kaiser, 791 F.2d 73, 74 (7th Cir.1986). Accordingly, the courts generally look to state law to determine whether property is an asset of a debtor. In re Brass Kettle Restaurant, Inc., 790 F.2d 574, 575 (7th Cir.1986); see also In re K & L Limited, 741 F.2d 1023, 1030 n. 7 (7th Cir.1984); Matter of Gladstone Glen, 628 F.2d 1015, 1018 (7th Cir.1980). Here, however, Congress has required that we do otherwise.
Section 544(a) states that a trustee “shall” be able to avoid an encumbrance that would be voidable by a bona fide purchaser “without regard to any knowledge of the trustee or of any creditor.”[3] The natural interpretation of this language is that actual knowledge of the encumbrance will never prohibit a trustee from invoking § 544(a)(3).
The Third Circuit’s analysis of the legislative history of § 544(a) in McCannon v. Marston, 679 F.2d 13 (3d Cir.1982), supports the view that Congress meant what it said. In McCannon, the issue before the court was whether the “actual knowledge” clause in § 544(a) gave a trustee the powers of a bona fide purchaser, regardless of the trustee’s actual knowledge and regardless of any constructive notice that otherwise would be imputed to a subsequent purchaser. The McCannon court noted that the legislative history of § 544(a) itself was sparse, and therefore turned its attention to a 1973 draft bankruptcy code that contained a similar provision. The language of this provision was very close to the language eventually adopted by Congress as § 544(a).[4] The Commission on Bankruptcy Laws of the United States explained that this 1973 draft language was “designed to make clear that the trustee’s status under the subdivision is purely hypothetical and unaffected by any knowledge which he, personally, or any or all creditors may have.” Report of the Commission on the Bankruptcy Laws of the United States, H.R. Doc. No. 93-137, Part II, 93rd Cong., 1st Sess. 161, n. 3; see McCannon, 679 F.2d at 16. The McCannon court concluded that under § 544(a), actual knowledge was irrelevant regardless of the state law of actual notice. See McCannon at 16-17.[5] *1336 This evidence of intent, although not conclusive, supports the inference that Congress intended actual knowledge of a transfer of property or encumbrance on property to be irrelevant, regardless of state law.
Despite the plain language of the statute and some evidence of congressional intent, however, Halliburton argues that this court should follow Hartman Paving and look to state law and policy to decide when a trustee or debtor-in-possession with actual knowledge of a transaction may invoke § 544(a). This approach is faulty for several reasons.
First, the Hartman Paving approach ignores a distinction Congress makes between § 544(a) and § 544(a)(3). The phrase “bona fide purchaser” in § 544(a)(3) is qualified by the words “against whom applicable law permits such transfer to be perfected.” This language has been interpreted to mean that the state law of constructive notice remains applicable in the context of § 544(a)(3). See McCannon, 679 F.2d at 17. But the “without regard to any knowledge” clause in § 544(a) is not qualified in any way. In the absence of any reason to believe that this lack of qualification is a drafting error, we must assume that this distinction makes a difference and that state law is not relevant to § 544(a). See id.
Second, the Hartman Paving approach conflicts with our duty to give meaning to all the language of a statute. See, e.g., Reiter v. Sonotone Corp., 442 U.S. 330, 339, 99 S.Ct. 2326, 2331, 60 L.Ed.2d 931 (1979); Scott v. Anderson Newspapers, Inc., 477 N.E.2d 553, 563 (Ind.App.1985). It is hornbook law that property law does not generally protect a bona fide purchaser with actual knowledge of a transfer of or encumbrance on property. See, e.g., 8 G. Thompson, Commentaries on the Modern Law of Real Property § 4325 at 431-42, 434 (J. Grimes repl. ed. 1963) (as a general rule, a purchaser is bound by knowledge of previous conveyances, whether of record or not; mortagee with actual knowledge takes subject thereto and is not protected as a bona fide purchaser.). Hence, if we adopted Halliburton’s suggested .approach, the “actual knowledge” clause of § 544(a) would be a dead letter for all practical purposes.
Finally, as the district court in this case noted, the Hartman Paving analysis creates a distinction in the Bankruptcy Code between a trustee (who will rarely have actual knowledge) and a debtor-in-possession (who will often have actual knowledge). This result is in conflict with section 1107(a), which gives the debtor-in-possession all the rights and duties of a trustee. 11 U.S.C. § 1107(a). See S.Rep. No. 95-989, 95th Cong. 2d Sess. 117, reprinted in 1978 U.S.Code Cong. & Admin.News 5787, 5903 (“This section places a debtor in possession in the shoes of a trustee in every way.”); accord, H.Rep. No. 95-595, 95th Cong. 2d Sess. 404, reprinted in 1978 U.S.Code Cong. & Admin.News 5963, 6360.
We conclude that Congress did not intend Sandy Ridge’s knowledge of the mortgage to prevent it from asserting the strong arm clause, because actual knowledge is irrelevant under § 544(a). See McCannon v. Marston, 679 F.2d at 16-17; see also In re Bygaph, Inc., 56 B.R. 596, 603 (Bankr.S.D.N.Y.1986); In re Ernest & Assoc., Inc., 59 B.R. 495, 497-98 (Bankr.W. D.Tex.1985); In re Matos, 50 B.R. 742, 744-45 (Bankr.N.D.Ala.1985); In re Hartman Paving, 745 F.2d at 311 (Winter, C.J., dissenting). We therefore decline to adopt the Fourth Circuit’s rule in Hartman Paving as the law in the Seventh Circuit.
B.
Halliburton places greater emphasis on its constructive notice argument. Halliburton argues that even though the mortgage on the six oil wells was recorded in contravention of a state statute, a bona fide purchaser should nevertheless be deemed bound by the mortgage. The *1337 bankruptcy court rejected this argument, and the district court affirmed.
Indiana law provides that a mortgage may be received for recordation only if the name of the person who prepared the instrument is indicated at the end of the document. Ind.Code § 36-2-ll-15(b) (1982).[6] It is undisputed that the Gibson County mortgage does not so disclose the preparer. We must therefore decide whether, under Indiana law, a mortgage recorded in contravention of this statute is nevertheless deemed to provide constructive notice to a bona fide purchaser. If so, then Halliburton’s claim is paramount. If not, then Sandy Ridge may exercise § 544(a)(3) and avoid the mortgage.
The bankruptcy court and the district court based their decisions in favor of Sandy Ridge on this issue on the only reported decision involving this statute, United States v. Lake County Farm Bureau Co-op Ass’n, 205 F.Supp. 808 (N.D.Ind. 1962). In that case, which concerned a chattel mortgage on crops, the court held that the filing of the mortgage in violation of the statute was a nullity and therefore the mortgage, although recorded, gave no constructive notice to the defendant creditor. 205 F.Supp. at 810. In its brief, the Creditors Committee buttresses Lake County with a number of Indiana cases involving other recordation statutes. According to the Creditors Committee, these cases stand for the proposition that in Indiana the recordation of an instrument not entitled to be recorded does not operate as constructive notice. The Creditors Committee argues that the present case simply represents the application of this principle.
Halliburton presents several answers to this argument. First, Halliburton seeks to minimize the importance of Lake County by pointing out that there the preparer was not disclosed in any way. Here, in contrast, the Gibson County mortgage bore a stamp block containing the initials of persons in the legal and financial departments of Halliburton. Second, Halliburton distinguishes the statute at issue here from the recordation statutes involved in the cases the Creditors Committee cites by arguing that subsection (b) of the Indiana preparer statute is a mere technical requirement. Many of the Creditors Committee cases concern instruments lacking acknowledge-ments, which have evidentiary value and go directly to the validity of the mortgage. But the name of the preparer of an instrument, Halliburton argues, has no evidentia-ry value and has nothing to do with the validity of the mortgage; therefore, a mortgage lacking the preparer’s name is not void.
Third, Halliburton argues that the statute’s purpose must be to communicate a requirement to county recorders and not to punish the makers of an instrument. Halliburton points to other provisions of the Indiana Code that contain technical requirements, such as Ind.Code § 36-2-11-14 (to be recorded, deeds must be stamped by the auditor with the language “duly entered for taxation” or “not taxable”), and Ind. Code § 33-16-2-9 (notary must indicate county of residence on every notarization after July 1, 1982). Halliburton argues that under the Creditors Committee’s reasoning, every clerical error resulting in a violation of one of these statutes will invalidate the instrument, and the status of real estate titles in Indiana will accordingly become uncertain. The better view, says Halliburton, is that these statutes provide instructions to clerical personnel, but have no effect on the validity of an instrument.
Finally, and most persuasively, Halliburton argues that the real purpose of the statute is to discourage the unauthorized practice of law. Halliburton points to an *1338 Ohio statute with almost identical language, Ohio Rev.Code Ann. § 317.111 (Page 1979).[7] The Ohio Supreme Court has ruled that this statute was intended only to discourage the unauthorized practice of law, and that therefore a mechanic’s lien recorded in contravention of the statute was not rendered invalid. Bown & Sons v. Honabarger, 171 Ohio St. 247, 168 N.E.2d 880, 883 (1960). If this last argument is correct, the statute has nothing at all to do with the integrity or enforceability of the instrument or with constructive notice.
Rule 15(0) of the Indiana Rules of Appellate Procedure allows certification of a question of Indiana law to the Indiana Supreme Court when the question is determinative of the case and there is no clear controlling Indiana Supreme Court precedent. Our research has failed to reveal controlling precedent by any Indiana court on the question of whether an instrument disposing of an interest in or lien on property recorded in violation of Ind.Code § 36-2-ll-15(b) gives constructive notice of recoi'dation to a bona fide purchaser. Accordingly, as provided for by Rule 15(0) of the Indiana Rules of Appellate Procedure, this court respectfully requests the Supreme Court of Indiana to provide this court with instructions concerning the following question of law which will be determinative in this case:
Does a recorded instrument conveying, creating, encumbering, assigning, or otherwise disposing of an interest in or lien on property that does not disclose the name of the preparer as required by Ind. Code § 36-2-ll-15(b) nevertheless impart constructive notice to a bona fide purchaser?
The clerk of this court will transmit to the Supreme Court of Indiana a certified copy of this order; a copy of the briefs and appendices submitted to this court; and, if necessary, the record in this matter.[8]

Question Certified.

. The Vanderburgh County mortgage bears the statement, "This instrument prepared by" stamped above the signature of Mr. R.L. Campbell, who signed the document on behalf of Halliburton, and therefore is not in question. The Wabash County mortgage is not in question because under Illinois law the omission of a preparer statement does not affect the enforceability of the instrument.

. The parties in this case offer several grounds for jurisdiction. Halliburton procured an order from the bankruptcy court dated August 26, 1986, in which that court found that all other issues and claims in the adversary proceeding in the bankruptcy court had been resolved by previous order or judgment. The order also dismissed for lack of prosecution any unresolved issues and claims that might remain through inadvertence. In re Sandy Ridge Oil Co., Inc., No. 82-884-EV RA (Bankr.S.D.Ind. August 26, 1986). This order, although not necessary to our holding, supports our finding of jurisdiction under § 158(d).
In addition, upon request of the parties, the district court’s order of February 14, 1986 complied with Rule 54(b) of the Federal Rules of Civil Procedure and directed that the bankrupt-ey order be modified also to comply. Rule 54(b) allows a court to enter final judgment as to only some of the claims or parties in a multiple claim or multiple party case, if the court expressly determines that there is no just reason for delay. A Rule 54(b) order, however, is not necessary in bankruptcy cases. Matter of Morse Elec. Co., 805 F.2d at 265. We need not consider the propriety of the Rule 54(b) order in this case because of our independent determination that the orders below are final.
Finally, the parties state in their briefs that we have jurisdiction pursuant to 28 U.S.C. § 1291 as well as § 158(d). We have remarked, however, that, as a rule, § 1291 is the "wrong statute” in bankruptcy cases. Matter of Morse Elec. Co., 805 F.2d at 263.

. Section 544(a)(3) reads in pertinent part:
(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
(3) a bona fide purchaser of real property other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.
11 U.S.C. § 544(a)(3) (1984) (emphasis added).

. Congress apparently created this actual knowledge exception to state law in response to cases under § 70(c) of the former Bankruptcy Act and under Article 9 of the Uniform Commercial *1336 Code holding that a trustee with actual knowledge of unperfected security interests could not avoid those interests despite his status as a hypothetical lien creditor. McCannon, 679 F.2d at 16-17.

. Section 4-604 of the 1973 draft was titled "Rights of Trustee as Lien Creditor and as Successor to Creditors,” and read in pertinent part:
(a) Lien Creditor. The trustee shall have as of the date of the petition, the rights and powers of a judicial lien creditor of the debtor and of a creditor with an execution returned unsatisfied against the debtor. The trustee’s rights and powers under this subdivision shall not be affected by his own knowledge or that of any or all creditors.
Commission on the Bankruptcy Laws of the United States, H.R. Doc. No. 93-137, Part II, 93rd Cong., 1st Sess. 160 (1973).

. The statute reads:
The recorder may receive for record or filing an instrument that conveys, creates, encumbers, assigns, or otherwise disposes of an interest in or lien on property only if the name of the person and governmental agency, if any, that prepared the instrument is printed, typewritten, stamped, or signed in a legible manner at the conclusion of the instrument. An instrument complies with this section if it contains a statement in the following form: "This instrument was prepared by (name).”
Ind.Code § 36-2-11 — 15(b) (emphasis added).

. The Ohio statute reads in pertinent part:
No instrument by which the title to real estate or personal property, or any interest therein or lien thereon, is conveyed, created, encumbered, assigned, or otherwise disposed of, shall be received for record or filing by the county recorder unless the name of the person who, and governmental agency, if any, which, prepared such instrument appears at the conclusion of such instrument and such name is either printed, typewritten, stamped, or signed in a legible manner. An instrument is in compliance with this section if it contains a statement in the following form: "This instrument was prepared by (name).”
Ohio Rev.Code Ann. § 317.111 (Page 1979).

. In finding the issue of constructive notice to be determinative of this case, we necessarily reject Halliburton’s argument that the mortgage falls within the exemption to the statute for instruments executed or acknowledged outside the State of Indiana, Ind.Code § 36-2-11-15(a)(4). Halliburton cites Rawleigh Co. v. Snider, 207 Ind. 686, 194 N.E. 356 (1935), and Bowen v. Woodfield, 33 Ind.App. 687, 72 N.E. 162 (1904), for the proposition that, in Indiana, "execution” of an instrument involves signature, delivery and acceptance. The Gibson County mortgage was signed, acknowledged, and delivered in Indiana, but Halliburton argues that the mortgage was not accepted until the instrument was returned to Halliburton’s office in Oklahoma for final review and for signature of the financing statement. We agree with the district court that the mortgage was executed in Indiana for the purpose of Ind.Code § 36-2-1 l-15(a)(4).
Unless there is reason to do otherwise, the words of a statute are to be given their common meaning. E.g., Herbert v. State, 484 N.E.2d 68, 70 (Ind.App. 1985); Charles W. Smith & Sons Excavating, Inc. v. Lichtefeld-Massaro, Inc., 477 N.E.2d 308, 309 (Ind.Ct.App.1985); Central States Southeast & Southwest Areas Pension Fund v. Bellmont Trucking Co., 610 F.Supp. 1505, 1510 (N.D.Ind.1985), aff'd, 788 F.2d 428 (7th Cir.1986). The word "executed” is commonly used to describe an instrument that has been properly signed and delivered. See Ind. Code § 34-1-16-4 (for evidentiary purposes, “[tjhe execution of an instrument is the subscribing and delivering it."); Ind.R. Trial Proc. 9.2 (for pleading purposes, execution of a written instrument includes proper signature and delivery). Because the Gibson County mortgage was signed, delivered, and acknowledged in Indiana, we hold that it was executed in Indiana within the meaning of the statute.