**Jay & Cass GRAFFEN, Appellees,**

**v.**

**CITY OF PHILADELPHIA, WATER REVENUE BUREAU, Appellant.**

Civ. A. No. 89–4740.

United States District Court,
E.D. Pennsylvania.

May 11, 1992.

David A. Searles, Philadelphia, PA, for appellees.

Cynthia White, Chief Asst. City Sol., Philadelphia, PA, for appellant.

## MEMORANDUM AND ORDER

GAWTHROP, District Judge.

This is an appeal from the decision of the bankruptcy court concerning the bankruptcy trustee's "strong-arm" power to avoid statutory liens, when the trustee is actually the debtor and, thus, cloaked with hypothetical bona fide purchaser status. The plaintiff-appellees, who filed for Chapter 11 bankruptcy, resided in a house serviced by the water and sewer departments. Before filing for bankruptcy, they had not paid their water and sewer bills. The city entered a lien against the property in the amount of $885.24 ($560.48 first lien + $324.76 unsecured claim without priority). The debtors, standing in the shoes of the trustee, moved to avoid the water and sewer liens, under 11 U.S.C. § 545(2), which provides in pertinent part:

> Statutory Liens. The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien
> . . .
> (2) is not perfected or enforceable on the date of filing of the petition against a bona fide purchaser that purchases such property on the date of the filing of the petition, whether or not such a purchaser exists.

The lien at issue has been held to be a such statutory lien. The bankruptcy court granted debtor's motion to avoid the debt, 100 B.R. 217. That ruling is now on appeal before this court under 28 U.S.C. § 158(a).

### Discussion

 Whether the debtor, standing in the shoes of the bankruptcy trustee, as a purported bona fide purchaser, can avoid city water liens has been addressed a number of times in related cases. *See McLean v. City of Philadelphia, Water Rev. Bureau* and *Aikens v. City of Philadelphia, Water Rev. Bureau,* 891 F.2d 474 (3rd Cir.1989). In those cases, the Third Circuit held that because the city had "failed to notify the public that it kept records of water liens in the water lien books," the liens could be avoided. The court concluded, however, that the "defect in the indexing system is one which appears to be easily remediable by the Prothonotary." *Id.* at 480.

To remedy this defect in notice and indexing, the Prothonotary has posted signs telling the public that these water liens are recorded in different volumes housed in nearby rooms and on computer. These signs were on display at the time the appellee-debtors filed for bankruptcy. *See* Appellee's Brief, at 4. The appellee-debtors contend, however, that the books were not in the designated room, but in an adjacent room, thus somewhat vitiating their notice. The city replies that the case should not turn on the technicality that the books were not in one room, but in the room next door. The sign, the city argues, did put the public on notice that the water lien records existed and should be consulted as part of a bona fide purchaser's due diligence.

 Here, but for the fiction that the debtor acting as its own bankruptcy trustee is transformed into a bona fide purchaser, the debtors had actual knowledge and notice of the lien. The city argues that under Pennsylvania law, because the debtor, statutorily transformed into a bona fide purchaser, had, at the very minimum, constructive notice of the water lien, the debtor acting as its own trustee is barred from invoking bona fide purchaser status. Where a purchaser has knowledge of a prior deed or adverse interest, he is said to

commit a fraud upon the first purchaser if he attempts to avail himself of the protection afforded by the recording statutes. *Lund v. Heinrich,* 410 Pa. 341, 189 A.2d 581 (1963).

■ As the Third Circuit has held in analogous contexts, actual knowledge can cure defective notice, for to hold otherwise would "place form over substance." *Pothering v. Parkson Coal Co.,* 861 F.2d 1321, 1329 (3rd Cir.1988); *Accord Roman Ceramics Corp. v. Peoples National Bank,* 714 F.2d 1207, 1214 (3rd Cir.1983); *Bridgewater Borough v. Pennsylvania Public Utility Commission,* 181 Pa.Super 84, 123 A.2d 266 (1956) (one has notice of a fact if he or she knows the fact); Cf. 12A P.S. § 1–201(25)(a). ("A person has notice of a fact, when he has actual knowledge of it.").

Similarly, the debtors here did have actual knowledge and notice of the city's adverse interest. As residents, they were billed, but failed to pay for water and sewer service. They received notification and had actual knowledge of these liens and did not have to rely upon the city's recording system to give them notice. However, even if they had had to rely upon the city's recording system, with the posting of the signs at the prothonotaries office, they would have been aware of the "potential" water lien.

■ While it is regrettable that the books were not in the exact room designated on the sign, the sign did give the public adequate notice that water liens are recorded and must be checked. Even without the sign, "[t]here is no doubt that private persons have known since 1923 that municipal claims include water rates and sewer rates, 53 P.S. § 7101, and that such claims have been declared by the Legislature of Pennsylvania to be liens on real property, 53 P.S. § 7106." *U.S. v. Oswald & Hess, Co.,* 225 F.Supp. 607, 611 (W.D.Pa.1964).

■ As the Third Circuit noted when it defined the bounds of the trustee's strong-arm power under 11 U.S.C. § 544(a),[1] where there is constructive notice of competing interests in a bankrupt property, "the words 'without regard to any knowledge' were not meant by Congress to nullify all state law protections of equitable interests." *McCannon v. Marston,* 679 F.2d 13, 16 (3rd Cir.1982). There, the court held that trustee's strong-arm powers did not relieve the trustee of making inquiries into prior claims on the property, where any other subsequent purchaser would be on notice of such a duty to inquire. The interpretation of strong-arm powers urged by the debtor-trustee in that case parallels that urged by the debtor-trustee here. There, the Third Circuit rejected an interpretation of the strong-arm power under which "[t]he trustee has been clothed not only with the rights of a bona fide purchaser, but has been granted as well a substantial additional mantle of power not available to any actual subsequent purchaser in Pennsylvania. Such a conclusion is not to be lightly inferred." *Id.* Considering the totality of the circumstances, the court hesitates to infer or confer such power here either.

Hence, this order.

## ORDER

AND NOW, this 8th day of May, 1992, upon consideration of Appellant's Motion, and the response thereto, it is ORDERED that the decision of the Bankruptcy Court is VACATED, and judgment is entered in favor of the Appellant and against the Appellee.

---

1. "Trustee as lien creditor and as successor to certain creditors and purchases (a) the trustee shall have, as of the commencement of the case, and *without regard to any knowledge of the trustee or of any creditor,* the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

 . . . . .

(3) a bona fide purchaser of real property from the debtor ..." 11 U.S.C. § 544(a)(3).