**In re James E. SULLIVAN, a/k/a Jim Sullivan, Debtor.**

**AFB & T, Plaintiff,**

v.

**James E. Sullivan, Defendant.**

**Bankruptcy No. 10–62818–MHM. Adversary No. 10–6242.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Nov. 26, 2010.

Leon S. Jones, Leslie M. Pineyro, Jones and Walden, LLC, Atlanta, GA, for Debtor.

## ORDER

MARGARET H. MURPHY,
Bankruptcy Judge.

Plaintiff filed this adversary proceeding seeking a declaratory judgment that it has

a valid, perfected security interest in Defendant's residence or, in the alternative, the reformation of a deed. Defendant filed a motion to dismiss plaintiff's complaint pursuant to FRCP 12(b)(6), incorporated in Bankruptcy Rule 7012. Plaintiff answered that a successful motion to dismiss should not be grounded on an affirmative defense, specifically that a debtor in possession who has actual knowledge cannot use the strong arm powers of § 544(a)(3) and the Defendant should be judicially estopped from asserting that Plaintiff did not have a valid security interest in the relevant property. The material facts are undisputed. For the reasons set forth below, the motion to dismiss will be granted.

### Statement of Facts

The legal issues in this case center on a real estate loan from AFB & T (the "Plaintiff")[1] to Defendant's company, Sullivan Stone, Inc. ("Sullivan Stone"). On June 28, 2010, Defendant, an individual acting in his capacity as President of Sullivan Stone, received a loan from Plaintiff of $856,909.90 (the "Loan") to finance the purchase of commercial real property at 2740 Dogwood Drive, S.E. Conyers, Georgia (the "Commercial Property"). Plaintiff approved Defendant's loan after Defendant acceded to Plaintiff's conditions, which included Defendant providing a personal guarantee of the loan and pledging Defendant's residential real property as collateral for the loan. The real property intended to secure the loan consisted of the Commercial Property and Defendant guarantor's residence at 1400 Fieldcrest Cir., Buckhead, Georgia in Morgan County (the "Residence"). Defendant executed the deed to secure debt for the Residence ("the Deed") in his corporate capacity as

Because Defendant owns the Residence in his individual capacity, by executing the deed in the name of the corporation, Sullivan Stone granted Plaintiff a lien on real property it did not own.

Two separate instances illustrate that Defendant may not have realized that he executed the Deed in his corporate capacity. The first was in Defendant's deposition in his divorce proceeding, *Sullivan v. Sullivan*, in the Superior Court of Morgan County, Georgia, where he noted that the AFB & T loan included a second mortgage on the Residence. If Defendant had known the lien was defective, he may not have stated that the Residence was encumbered by a second mortgage held by Plaintiff. The second was in Defendant's original Schedule D, where he listed Plaintiff as the holder of a second mortgage on the Residence.

On February 1, 2010, Defendant and Sullivan Stone each filed Chapter 11 bankruptcy petitions.[2] Defendant amended his Schedule D to remove Plaintiff's secured

---

1. Plaintiff is now known as Synovus Bank. Synovus Bank was formerly Columbus Bank and Trust Company and became the successor in interest due to a name change and merger with AFB & T.

2. Sullivan Stone's Chapter 11 case is Case No. 10–62815. Its Chapter 11 Plan was confirmed July 23, 2010.

claim on the Residence. As a result, Plaintiff filed this adversary proceeding.

As grounds for dismissal, Defendant contends that the defective Deed did not convey a security interest in the Residence and the strong arm powers of Bankruptcy § 544(a)(3), 11 U.S.C. § 544(a)(3) [3] ("§ ") grant a trustee or debtor in possession the status of a *bona fide* purchaser *without* regard to actual knowledge of any imperfections in the avoided security interest. Plaintiff opposes dismissal on the grounds that Defendant's actual knowledge precludes his status as a *bona fide* purchaser and, in the alternative, Defendant is judicially estopped from asserting he did not grant Plaintiff a valid security interest.

## Legal Analysis

■ In a defendant's Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded allegations in a light most favorable to the plaintiff. *Brooks v. Blue Cross and Blue Shield of Fla.*, 116 F.3d 1364, 1369 (11th Cir.1997). However, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, —— U.S. ——, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009). Although an affirmative defense is generally insufficient to support a Rule 12(b)(6) motion, the affirmative defense may be sufficient if "it clearly appears on the face of the complaint." *Fortner v. Thomas*, 983 F.2d 1024, 1028 (11th Cir. 1993).

### § 544(a)(3)

■ A Chapter 11 debtor in possession may use the strong arm powers of a trustee to avoid unperfected liens on real property. Pursuant to § 1107(a), a debtor in possession possesses all the powers, rights and duties of a trustee in a Chapter 11

case, except for the right to compensation and the duty to investigate. *Int'l Yacht & Tennis, Inc. v. Wasserman (In re Int'l Yacht & Tennis, Inc.)*, 922 F.2d 659, 661 (11th Cir.1991). The strong arm powers of § 544(a) are among a debtor in possession's powers. Section 544 provides:

> (a) the trustee shall have, as of the commencement of the case, and *without regard to any knowledge of the trustee* or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

> ... (3) a *bona fide* purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a *bona fide* purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

*(emphasis supplied)*. A plain reading of § 544(a)(3) with § 1107(a) supports a conclusion that knowledge of an imperfection by the debtor in possession is immaterial. Nonetheless, a minority of one district court and one circuit have limited a debtor in possession's use of the strong arm power of an ideal *bona fide* purchaser. In the case of *Graffen v. City of Philadelphia, Water Revenue Bureau*, the debtor in possession had actual notice of the imperfection, and the district court was unwilling to give the debtor in possession, stepping into the shoes of a hypothetical *bona fide* purchaser under § 544(a)(3), the power to defeat constructive notice. 149 B.R. 90, 92 (E.D.Pa.1992).

---

**3.** The provisions of the Bankruptcy Code are found in Title 11, U.S.Code, and will hereafter be cited as "Code § " or "§ ——."

Over twenty-five years ago, in the case of *Hartman Paving*, the Fourth Circuit held that a debtor in possession's actual notice of an improperly acknowledged deed of trust stripped the debtor in possession of its § 544(a)(3) power. *Pyne v. Hartman Paving, Inc.*, 745 F.2d 307 (4th Cir.1984). In *Hartman Paving*, the lien against Defendant's property was imperfect because the trustee for the deed of trust also acted as the notary. The majority opinion failed to discuss the "any knowledge of trustee" term in § 544(a) and instead relied upon West Virginia law that an improperly acknowledged deed of trust "is valid between the parties 'or those purchasing with actual notice.'" *Id.* at 309 (citing *Tavenner v. Barrett*, 21 W.Va. 656 (1883)). The Fourth Circuit court found that Defendant remained within "those purchasing with actual notice" even after his ascension to the status of a debtor in possession. *Hartman Paving*, 745 F.2d at 310. The majority concluded that Hartman "[was] not the type of subsequent purchaser that *Tavenner* was designed to protect." *Id.* Chief Judge Winter's dissent argued that Hartman, as the debtor in possession, acquired the same ideal rights of a *bona fide* purchaser available to a trustee. A debtor in possession, stepping into the shoes of a *bona fide* purchaser pursuant to § 544, could then avoid the unperfected lien for the benefit of all other claimants against the debtor. *Id.*

*Hartman Paving* stands alone in the face of all other circuits as well as numerous district and bankruptcy courts who hold that the actual knowledge of a debtor in possession is immaterial to § 544(a)(3). The Seventh Circuit Court of Appeals found the knowledge of a debtor in possession immaterial to § 544(a)(3). *Sandy Ridge Oil Co. Inc. v. Centerre Bank Nat'l Ass'n*, 807 F.2d 1332 (7th Cir.1986). In *Sandy Ridge*, the debtor in possession sought to avoid an improperly recorded mortgage. The Court of Appeals disagreed with *Hartman Paving's* interpretation of § 544(a)(3) because a plain reading of the statute produces the natural interpretation "that actual knowledge of the encumbrance will never prohibit a trustee [or debtor in possession] from invoking § 544(a)(3)." Relying on the Third Circuit Court of Appeal's § 544 analysis of Congressional intent in *McCannon v. Marston*, the Seventh Circuit Court of Appeals looked beyond the sparse legislative history of § 544 to the 1973 draft version of the Bankruptcy Code, which contains a provision very similar to § 544. *Sandy Ridge*, 807 F.2d at 1335 (citing *McCannon v. Marston* 679 F.2d 13 (3d Cir.1982)). The Commission on the Bankruptcy Laws of the United States designed draft language to clarify that the trustee's status was "purely hypothetical and unaffected by any knowledge he, personally, or any or all creditors may have." Report of the Commission on the Bankruptcy Laws of the United States, H.R. Doc. No. 93–137, Part II, 93rd Cong., 1st Sess. 161, n.3.

Beyond the plain reading and congressional intent, the Seventh Circuit Court of Appeals provided three additional reasons why courts should not impute a debtor's knowledge of an encumbrance or imperfection to a debtor in possession attempting to use § 544(a)(3) power. *First*, even though the powers of a *bona fide* purchaser are narrowed by the words "against whom applicable law permits such transfer to be perfected," the words "without regard to any knowledge" illustrate that state law requiring knowledge is inapplicable. *Second*, because state law does not shield a purchaser with actual knowledge, the interpretation adopted by the court *Hartman Paving* would rob the "without knowledge" clause of all meaning. *Id.* *Third*, the analysis of *Hartman Paving* created "a distinction between a trustee

(who will rarely have knowledge) and a debtor in possession (who will often have actual knowledge)." *Sandy Ridge*, 807 F.2d at 1336. Such a distinction unnecessarily limits § 1107(a), which bestows upon a debtor in possession the powers and duties of a trustee. *Id.* Other courts, including the Ninth Circuit and the Bankruptcy Appellate Panel for the Ninth Circuit, relied on *Sandy Ridge* for the proposition that a debtor in possession's actual knowledge is immaterial to its strong arm power under § 544(a)(3). *See Probasco v. Eads (In re Probasco)*, 839 F.2d 1352, 1355 n. 2 (9th Cir.1988);[4] *Wonder–Bowl Props. v. Kim (In re Kim)*, 161 B.R. 831, 836–38 (9th Cir. BAP 1993); and *Matos v. Gwinnett Bank & Trust Co. (In re Matos)*, 50 B.R. 742, 744–45 (N.D.Ala.1985).

Subsequent Fourth Circuit reasoning is consistent with the conclusions of the *Sandy Ridge Oil. See Crestar Bank v. Neal (In re Kitchin Equip. Co.)*, 960 F.2d 1242 (4th Cir.1992), and *Smith v. Mixon*, 788 F.2d 229 (4th Cir.1986). In *Smith v. Mixon*, decided two years after *Hartman Paving*, the Fourth Circuit Court of Appeals, discussing the breadth of "knowledge" in § 550(b)(1), analyzed the use of "knowledge" in § 544. Comparing notice with knowledge, "the term 'notice' may include either actual or constructive notice, while the term 'knowledge' includes only actual notice. That Congress selected the term 'knowledge' [in § 544] is significant." *Id.* at 232 (citations omitted). *Hartman Paving's* debtor in possession possessed "knowledge" because he had actual notice of the imperfection. In *Crestar Bank v. Kitchin Equipment Co.*, the Fourth Circuit Court of Appeals stated that "a trustee or debtor in possession, without regard

to any knowledge, is empowered to avoid any transfer of property of the debtor." 960 F.2d at 1245. In summary, *Smith* and *Kitchin* constitute the conclusion that actual notice is equivalent to knowledge and such knowledge is immaterial to a debtor in possession's avoidance power under § 544(a)(3) and thus implicitly overrule *Hartman Paving*.

Lower courts within the Fourth Circuit circumvented and questioned *Hartman Paving*. In the case of *Glanz v. RJF Int'l Corp.*, the bankruptcy court for the District of Maryland noted that *Hartman Paving* failed to analyze the statutory language of § 544. *In re Glanz*, 205 B.R. 750, 754 (Bankr.D.Md.1997). The *Glanz* court did not apply *Hartman Paving* because it believed that "were the Fourth Circuit to analyze the precise statutory language of § 544(a) as presently raised before this court, the Fourth Circuit would conclude that the language compels a disregard of the trustee's actual knowledge." *Id.* at 755. In the case of *Farmers Home Admin. v. MSC, Inc.*, the bankruptcy court for the District of South Carolina distinguished *Hartman Paving* on its facts so the debtor in possession could avoid an imperfect lien. *In re MSC, Inc.*, 54 B.R. 650, 653–54 (Bankr.D.S.C.1985). In the case of *Wilson v. Moir*, the bankruptcy court for the Eastern District of Virginia questioned the vitality of *Hartman Paving* considering the Fourth Circuit's failure to cite the case for over twenty years. *In re Wilson*, 359 B.R. 123, 137 n. 7 (Bankr. E.D.Va.2006).[5]

Under 11 U.S.C. § 551, a successful avoidance action by a debtor in possession is preserved for the benefit of the estate.

---

**4.** The Ninth Circuit found Judge Winter's dissent in *Hartman Paving* persuasive, cited *Sandy Ridge* positively and assumed, without deciding, that a debtor in possession's knowledge is irrelevant.

**5.** Plaintiff's brief relied heavily upon on *Hartman Paving*, without mentioning the weight of contrary authority.

Section 551 provides that "any transfer avoided under section ... 544 ... is preserved for the benefit of the estate but only with respect to property of the estate." The debtor in possession who avoids an imperfect lien using § 544(a)(3) avoidance power is fulfilling his fiduciary duty to the bankruptcy estate. *Wolf v. Weinstein*, 372 U.S. 633, 649–51, 83 S.Ct. 969, 10 L.Ed.2d 33 (1963). Section 349(b)(1)(B) protects against a windfall for a debtor who could not avoid a transfer outside of bankruptcy by reinstating avoided liens if the bankruptcy case is dismissed. The majority of courts, which hold that a debtor's knowledge is immaterial to a debtor in possession's avoidance action under § 544, is the better reasoned conclusion.

## Judicial Estoppel

 Judicial estoppel is not available against a debtor in possession pursuing an avoidance action under § 544(a). *I.A. Durbin, Inc., v. Jefferson Nat'l Bank, (In re I.A. Durbin, Inc.)*, 46 B.R. 595, 602 (Bankr.S.D.Fla.1985); *Brent Explorations, Inc. v. Karst Enter. Inc. (In re Brent Explorations, Inc.)*, 31 B.R. 745, 749 (Bankr.D.Col.1983). In *Durbin*, Durbin urged the plaintiff not to record a lien which Durbin, acting as the debtor in possession, subsequently avoided using § 544(a)(3). 46 B.R. at 602. The Bankruptcy Court for the Southern District of Florida found that "one of the purposes for providing the ideal creditor status is to prevent defenses such as estoppel from being raised against the Trustee." *Id.*, citing *Brent Explorations*, 31 B.R. at 749.

## Conclusion

Defendant's actual notice, or knowledge, of the defective lien on the Residence is immaterial to a § 544 avoidance action brought as debtor in possession. Defendant allegedly possessed actual notice, or knowledge, of the defect in the Deed.[6] The Bankruptcy Code draws a distinction between the debtor and the debtor in possession. Both the plain language of the Bankruptcy Code in § 544(a)(3) and the majority of case law do not impute Defendant's knowledge to the debtor in possession.

Judicial estoppel is not available against a debtor in possession because a legal distinction exists between a prepetition debtor and a debtor in possession. *Brent Explorations, Inc. v. Karst Enter., Inc. (In Re Brent Explorations, Inc.)*, 31 B.R. 745, 749 (Bankr.D.Col.1983). Defendant's comments in his divorce case and his inclusion of the Plaintiff as a secured creditor in his Schedule D do not overwrite the statutory status accorded by Code § 544(a)(3).

Defendant's Motion to Dismiss Plaintiff's complaint will be granted because Plaintiff's complaint does not state a plausible claim for relief. Plaintiff alleged Defendant's actual knowledge in its complaint. Defendant's affirmative defense, that Defendant's actual knowledge does not prevent a debtor in possession's use of § 544(a)(3), appeared on the face of the complaint. Because Plaintiff's complaint relied upon the Defendant's actual knowledge, which is immaterial, and judicial estoppel, which is inapplicable, the complaint

---

**6.** Whether Defendant in fact had actual knowledge that the deed was defective has not been shown, and such a showing is unnecessary for purposes of this order. Traditionally, the lender employs an attorney to prepare the documents necessary for the closing of the loan secured by real estate. It seems within the realm of possibility that Defendant either signed the Deed without realizing he was signing in his corporate capacity or failed to grasp the significance of signing the Deed in his corporate capacity. In any event, the facts do not show that Defendant prepared the Deed.

does not state a plausible claim for relief. Accordingly, it is hereby

ORDERED that Defendant's Motion to Dismiss is *granted.*

**The Clerk, U.S. Bankruptcy Court, is directed to serve** a copy of this order upon Plaintiff's attorney, Defendant's attorney, and the U.S. Trustee.

IT IS SO ORDERED.