In re Hi Ja KIM d/b/a Laura's French Baking Company & Laura's Bakery, Debtor.

WONDER–BOWL PROPERTIES, Appellant,

v.

Hi Ja KIM d/b/a Laura's French Baking Company & Laura's Bakery, Appellee.

BAP No. CC–92–2277–HPV.

Bankruptcy No. LA 91–96694–WL.

Adv. No. LA 92–01840–WL.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Sept. 22, 1993.

Decided Dec. 9, 1993.

Leslie K. Hart, Torrance, CA, for appellant.

Lawrence R. Young, Downey, CA, for appellee.

Before: HAGAN [1], PERRIS, and VOLINN, Bankruptcy Judges.

## OPINION

HAGAN, Bankruptcy Judge:

Hi Ja Kim ("debtor") is the debtor in possession in this chapter 11 case. Debtor filed an adversary proceeding against Wonder–Bowl Properties ("Wonder–Bowl"), seeking to set aside a judgment lien in the amount of $308,127.82 against certain real property of the debtor. Wonder–Bowl appeals the bankruptcy court's grant of summary judgment for the debtor. For the reasons stated in this opinion, the decision of the Bankruptcy Court is affirmed.

### FACTS

Wonder–Bowl received a judgment against the debtor in February of 1988. It recorded an abstract of judgment to establish a judgment lien against certain real property on February 18, 1988. The initial filing, however, did not contain the debtor's driver's license and social security numbers as required by California law. After the debtor filed her chapter 11 petition on October 30, 1991, Wonder–Bowl filed an "Amendment to Abstract of Judgment" that included the necessary data. Debtor then brought this adversary proceeding to avoid the judgment lien.

---

1. Honorable Alfred C. Hagan, U.S. Bankruptcy Judge, District of Idaho, sitting by designation.

The complaint sought to avoid the lien under section 545(2) of the Bankruptcy Code[2] on the grounds the initial filing was void because it lacked certain information required by California Civil Procedure Code § 674.[3] The amendment to the abstract of judgment was alleged to be void as a violation of 11 U.S.C. § 362(a)(5). Debtor filed a motion for summary judgment on these legal theories. Neither the complaint nor the motion for summary judgment alleged any other legal theory.

The defendant opposed the motion on the grounds that: (1) the abstract of judgment was not automatically void under section 674 simply because it lacked the debtor's social security number and driver's license number; (2) section 674 should not be interpreted to permit the lien to be avoided for the benefit of creditors unless they obtained an interest in the property and did not have actual notice of Wonder–Bowl's interest; and (3) the automatic stay did not prohibit or void the filing of the amendment to the abstract of judgment.

At oral argument on the motion for summary judgment, the trial judge raised the issue of the applicability of 11 U.S.C. § 544(a)(3). He indicated that section 544 permitted a trustee to avoid a lien without regard to any actual knowledge of the trustee or of any creditor. Wonder–Bowl contended the debtor's actual knowledge of the existence of the abstract of judgment prevented it from avoiding the lien under section 544. It did not object to the court's sua sponte introduction of the section 544 issue.

Findings of fact and conclusions of law entered by the trial judge found the initial judgment lien failed to note the social security number and driver's license number of the

debtor, and thus the lien was void and unenforceable. The trial judge did not reach the question of whether the filing of the amendment was void under section 362, because "the Debtor-in-Possession has the right to avoid that lien in any event pursuant to the provisions of Section 544(a)(3) of the Bankruptcy Code." (Findings of Fact and Conclusions of Law p. 8, ¶ 4.) The debtor was held to be able to avoid the lien as a bona fide purchaser pursuant to section 544(a)(3) of the Bankruptcy Code, and summary judgment was granted in favor of the debtor.

## ISSUES

Two issues are presented on appeal:

(1) Whether a debtor in possession with actual knowledge of an abstract of judgment lacking certain information required under California law may nonetheless avoid a lien as a bona fide purchaser under section 544(a)(3); and

(2) Whether the bankruptcy court improperly granted summary judgment in favor of the debtor based on legal arguments that were not briefed by the parties.

## STANDARD OF REVIEW

■ An order granting a motion for summary judgment is reviewed de novo. *Hyman v. Plotkin (In re Hyman)*, 123 B.R. 342, 344 (9th Cir. BAP 1991), *aff'd*, 967 F.2d 1316 (9th Cir.1992). "A summary judgment may be affirmed only if it appears, after reviewing all evidence and factual inferences in the light most favorable to the opposing party, that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Id.*

---

2. All references to sections 362, 544, 545, and 1107 refer to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

3. 11 U.S.C. § 545 provides:
   The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—
   \* \* \* \* \* \*
   (2) is not perfected or enforceable at the time of the commencement of the case against a

bona fide purchaser that purchases such property at the time of the commencement of the case, whether or not such a purchaser exists;....
11 U.S.C. § 545(2).

## DISCUSSION

### 1. THE BANKRUPTCY COURT DID NOT COMMIT ERROR IN HOLDING THAT ACTUAL KNOWLEDGE OF THE DEBTOR IN POSSESSION WAS IRRELEVANT TO AN AVOIDANCE ACTION UNDER 11 U.S.C. § 544 AND CAL.CIV.PROC.CODE § 674.

Wonder–Bowl contends the bankruptcy court should have given it an opportunity to present evidence with regard to whether the debtor in possession had knowledge of the existence of the lien. The essence of Wonder–Bowl's argument is as follows. Section 544(a)(3) only grants to the trustee (and thus to the debtor-in-possession) the power of a hypothetical bona fide purchaser to set aside a lien. The powers of a bona fide purchaser are determined by state law. *Probasco v. Eads (In re Probasco)*, 839 F.2d 1352, 1354 (9th Cir.1988). California state law provides that where a person "has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, [that person] has constructive notice of the fact itself in all cases in which, by prosecuting such inquiry, he might have learned such fact." Cal.Civ.Code § 19 (West 1982). "Whether the circumstances are sufficient to put one on inquiry of another's interest in property is a question of fact." *Probasco*, 839 F.2d at 1355. Because the bankruptcy court made no findings as to knowledge, and because the bankruptcy court did not permit Wonder–Bowl to submit evidence on the question of the debtor's knowledge, the bankruptcy court should have found there was a genuine issue of material fact.

■ Section 544 of the Bankruptcy Code provides:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debt-

or or any obligation incurred by the debtor that is voidable by—

\*    \*    \*    \*    \*    \*

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3). The powers of the hypothetical bona fide purchaser are measured by state law. *Placer Savings & Loan Ass'n v. Walsh (In re Marino)*, 813 F.2d 1562, 1565 (9th Cir.1987). Although section 544 specifically gives avoidance powers only to the "trustee," section 1107(a) gives to a debtor in possession all of the rights, powers, and duties of a trustee, with certain exceptions not relevant here. 11 U.S.C. § 1107(a).[4]

In light of these principles, we turn to the applicable California statute. Section 674 of the California Civil Procedure Code, dealing with abstracts of judgment, states:

(d) An abstract of judgment, recorded after January 1, 1979, that does not list the social security number and driver's license number of the judgment debtor, or either of them, as required above may be amended by the recording of a document entitled "Amendment to Abstract of Judgment." The Amendment to Abstract of Judgment shall contain all of the information required by this section, shall list both the social security number and driver's license number if both of those numbers were known at the date of recordation of the original abstract of judgment, or one of them, if only one was known, and shall set forth the date of recording and the book and page location in the records of the county recorder of the original abstract of judgment.

---

4. Section 1107 provides in part:

(a) Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensa-

tion under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter.

11 U.S.C. § 1107(a).

A recorded Amendment to Abstract of Judgment shall have priority as of the date of recordation of the original abstract of judgment, except as to any purchaser, encumbrancer, or lessee who obtained their interest after the recordation of the original abstract of judgment but prior to the recordation of the Amendment to Abstract of Judgment without actual notice of the original abstract of judgment. The purchaser, encumbrancer, or lessee without actual notice may assert as a defense against enforcement of the abstract of judgment the failure to comply with this section regarding the contents of the original abstract of judgment notwithstanding the subsequent recordation of an Amendment to Abstract of Judgment. . . .

Cal.Civ.Proc.Code § 674(d) (West Supp. 1993).

It is uncontested that the initial abstract of judgment filed in this case lacked the debtor's social security and driver's license numbers. The debtor in possession has, under section 544(a)(3), the avoidance powers of a hypothetical purchaser who purchased as of the date of the order for relief. In this case, the hypothetical purchaser would have purchased after the defective abstract of judgment was filed, but before the amendment to abstract of judgment was filed. The only issue is whether such a hypothetical purchaser should be charged with notice of the defective abstract of judgment sufficient to deprive the purchaser of priority. If the hypothetical purchaser is not charged with such notice, the lien is avoidable under section 544(a)(3).

Section 18 of the California Civil Code provides:

NOTICE, ACTUAL AND CONSTRUCTIVE. Notice is:

1. Actual—which consists in express information of a fact; or,

2. Constructive—which is imputed by law.

Cal.Civ.Code § 18 (West 1982). California state law also recognizes inquiry notice, which is characterized by statute as a form of constructive notice:

Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, has constructive notice of the fact itself in all cases in which, by prosecuting such inquiry, he might have learned such fact.

Cal.Civ.Code § 19 (West 1982). The actual notice referred to in section 674(d), then, is "express information of" the fact that the original, defective abstract of judgment was filed against the debtor.

■ Section 544, in stating that a trustee may avoid a transfer as a hypothetical bona fide purchaser "without regard to any knowledge of the trustee or of any creditor," refers to actual knowledge, not constructive or inquiry notice. *Briggs v. Kent (In re Professional Investment Properties of America),* 955 F.2d 623, 627 & n. 2 (9th Cir.), *cert. denied sub nom. Miller v. Briggs,* —— U.S. ——, 113 S.Ct. 63, 121 L.Ed.2d 31 (1992); *Probasco,* 839 F.2d at 1354–55; *Marino,* 813 F.2d at 1565; *Huber v. Danning (In re Thomas),* 147 B.R. 526, 529 (9th Cir. BAP 1992).

■ While proper recording of a property interest is generally sufficient under state law to provide constructive notice sufficient to defeat a bona fide purchaser, section 674 indicates a defective abstract of judgment does not provide such constructive notice. Where the abstract lacks the required social security and driver's license numbers, knowledge is not imputed to subsequent purchasers[5] as a matter of law, and therefore the abstract itself is not constructive notice. Nor does the existence of the defective abstract constitute inquiry notice; only "actual notice of the original abstract of judgment" is sufficient to deprive a subsequent purchaser of priority. Cal.Civ.Code § 19 (West 1982); Cal.Civ.Proc.Code § 674(b) (West Supp. 1993). Any other conclusion would result in purchasers without actual notice being bound by the defective abstract, in direct contradiction of the statutory language. For a subsequent purchaser to be deprived of pri-

---

**5.** "Subsequent purchaser," as used herein, refers only to purchasers who purchased after the filing of the original abstract of judgment, but before the filing of the Amendment to Abstract of Judgment.

ority, the purchaser must have "express information of a fact"; specifically, that the original abstract of judgment was filed against the debtor. Cal.Civ.Code § 18(1) (West 1982); Cal.Civ.Proc.Code § 674(d) (West Supp.1993).

Wonder–Bowl does not contend, nor has it presented evidence, to suggest that a hypothetical bona fide purchaser would have had constructive or inquiry notice from any fact other than the existence of the defective abstract of judgment. *Cf. Probasco,* 839 F.2d at 1354–56 (hypothetical purchaser placed on inquiry notice of claim to real property by the extent of the open possession by claimant). Wonder–Bowl's reliance on *Probasco* is misplaced for this reason. In *Probasco,* Probasco had a one-half interest in several adjacent parcels of real property. Through a clerical error, Probasco's title to Parcel 1 of the parcels was not recorded. The holder of record title to the property filed a petition under chapter 11, and sought to avoid Probasco's interest under section 544(a)(3). The Ninth Circuit's statement that notice was a question of fact referred to inquiry notice under Cal.Civ.Code § 19, and considered whether the extent of Probasco's open possession of the property was sufficient to place a prudent purchaser on inquiry notice of the existence of his interest. 839 F.2d at 1355–56. Unlike *Probasco,* Wonder–Bowl did not have open possession of the property. Other than the defective abstract of judgment itself, there is nothing to give notice to the world that Wonder–Bowl claimed an interest in the debtor's real property.

Wonder–Bowl contends there was a genuine issue of material fact regarding the debtor's actual knowledge. Had this action been brought by a trustee, there would be no genuine issue of material fact regarding actual knowledge, because actual knowledge is irrelevant. "The trustee's actual notice is of no consequence." *Professional Investment Properties,* 955 F.2d at 627 n. 2. The only manner in which actual knowledge might be relevant in the present case is if section 544's directive to disregard knowledge does not apply to such actions when brought by a debtor in possession.

■ Wonder–Bowl argues that section 544's directive to disregard knowledge should not apply to a debtor in possession. This argument is essentially that accepted in the Fourth Circuit case of *Pyne v. Hartman Paving, Inc. (In re Hartman Paving, Inc.),* 745 F.2d 307 (1984). Wonder–Bowl contends that state law governs application of section 544, and state law holds the transfer is effective between parties with actual knowledge of the transaction. The debtor had actual knowledge, and therefore should not be able to avoid the transaction under section 544.

We are not persuaded by the *Hartman Paving* case. The majority holding in *Hartman Paving* nowhere discusses why section 544's directive to disregard knowledge should not apply to a debtor in possession. The Fourth Circuit merely stated the transaction was not avoidable by the debtor in possession because the debtor had been a party to the transaction, and thus the debtor in possession had actual knowledge. *Hartman Paving,* 745 F.2d at 309–10.

In a footnote to *Probasco,* the Ninth Circuit suggested, without deciding, that disregard of knowledge under section 544 should also apply to a debtor in possession:

The Fourth Circuit severely limited the use of section 544(a). In *Pyne v. Hartman Paving, Inc. (In re Hartman Paving, Inc.),* 745 F.2d 307 (4th Cir.1984), a divided court held that any actual knowledge of a debtor at the time of commencement of the case regarding an unrecorded interest in real property is imputed to a debtor in possession so as to limit his rights as a bona fide purchaser. If we were to apply the Fourth Circuit's rule in this case, Eads' [the debtor in possession's] rights under section 544(a) would be defeated by his actual knowledge of Probasco's interest in Parcel 1.

In a persuasive dissent in *Hartman Paving,* Chief Judge Winters argued that "a debtor-in-possession ... assumes the same idealized status as the bankruptcy trustee without regard to any knowledge he or any creditor on whose behalf he acts may have." 745 F.2d at 311 (Winters, C.J., dissenting). A majority of the courts directly addressing the issue share Judge

Winters' view. *See e.g., Sandy Ridge Oil Co. v. Centerre Bank Nat'l Ass'n (In re Sandy Ridge Oil Co.),* 807 F.2d 1332, 1335 (7th Cir.1986); *McCannon v. Marston,* 679 F.2d 13, 16–17 (3d Cir.1982); *In re Bygaph, Inc.,* 56 B.R. 596, 603 (Bankr. S.D.N.Y.1986); *Ernest & Assoc., Inc. v. Great Southwest Supply Co. (In re Ernest & Assoc., Inc.),* 59 B.R. 495, 497–98 (Bankr.W.D.Tex.1985); *Matos v. Gwinnett Bank & Trust Co. (In re Matos),* 50 B.R. 742, 744–45 (Bankr.N.D.Ala.1985),[6] *appeal dismissed as moot,* 790 F.2d 864 (11th Cir.1986). For purposes of this opinion, we assume without deciding, that Judge Winters' position is correct and Eads' actual knowledge is irrelevant.

839 F.2d at 1354 n. 2.

There are persuasive reasons why a debtor in possession should not be charged with such knowledge. Three such reasons were articulated by the Seventh Circuit in *Sandy Ridge Oil Co., Inc. v. Centerre Bank Nat'l Ass'n (In re Sandy Ridge Oil Co., Inc.),* 807 F.2d 1332, 1336 (7th Cir.1986). First, subsection (3) of section 544(a) qualifies the term "bona fide purchaser" by adding the words "against whom applicable law permits such transfer to be perfected," indicating that state law regarding constructive notice remains applicable. However, the statement that the determination is to be made "without regard to any knowledge" is found in section 544(a) and is not so qualified, suggesting state law is not relevant to this determination. *Id.* Second, since a purchaser is generally not protected by state law where the purchaser has actual knowledge, the *Hartman Paving* interpretation deprives the "without knowledge" clause of any real substance. *Id.* Third, "the *Hartman Paving* analysis creates a distinction in the Bankruptcy Code between a trustee (who will rarely have actual knowledge) and a debtor-in-possession (who will often have actual knowledge). This result is in conflict with section 1107(a), which gives the debtor-in-possession all the rights and duties of a trustee." *Id.*

The Court also notes that the power granted under section 544 is the power to avoid any transaction that would be voidable by a bona fide purchaser, without regard to whether such a purchaser exists. *Hartman Paving* ignores the statutory language by looking to the actual knowledge possessed by a single, specific, existing party (the debtor) without considering whether or why such notice should be imputed to a hypothetical bona fide purchaser. Actual knowledge of a prepetition debtor, therefore, should be given no more weight in a section 544 action brought by a debtor in possession than it would be given in such an action brought by a trustee.

Wonder–Bowl further contends summary judgment should not have been granted if constructive notice is relevant to whether a bona fide purchaser would have priority, because that is a triable issue of fact. Rule 56 of the Federal Rules of Civil Procedure (incorporated by Rule 7056 of the Federal Rules of Bankruptcy Procedure), however, requires a grant of summary judgment where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." F.R.C.P. 56(c). On the basis of the undisputed facts, the debtor has established a prima facie case under section 544(a)(3). Wonder–Bowl has not met its burden to present specific facts sufficient to create a genuine issue of material fact in opposition to the motion for summary judgment. F.R.C.P. 56(e). Wonder–Bowl has not alleged facts sufficient to find constructive or inquiry notice, or cited legal authority finding inquiry notice on the basis of those alleged facts. There is no controversy regarding the material facts. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.... If the evidence is merely colorable, ... or is not significantly probative, ... summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (citations omitted). In the absence of evidence to support a finding of constructive or inquiry notice, the debtor in

---

**6.** This opinion was actually issued by the U.S. District Court for the Northern District of Alabama, and not the bankruptcy court as indicated in the citation.

this case is entitled to summary judgment as a matter of law.[7]

In summation, section 544 permits a transaction to be avoided if a hypothetical bona fide purchaser as of the date of bankruptcy could have avoided the transaction. Actual knowledge, whether of a trustee or the debtor in possession, is to be disregarded in determining bona fide purchaser status; only constructive or inquiry notice will defeat the trustee's avoiding powers. Section 674 gives a purchaser priority over a defective abstract of judgment unless the purchaser has actual notice that the original, defective abstract of judgment was filed against the debtor; constructive or inquiry notice is not given by the defective abstract itself. The actual knowledge of the debtor in possession is disregarded under section 544, and the defective abstract of judgment fails to provide constructive or inquiry notice. There was no actual, constructive, or inquiry notice to a hypothetical bona fide purchaser on the date of bankruptcy of the existence of the abstract of judgment, and the lien is therefore avoidable under section 544. Taking the facts as alleged by Wonder–Bowl as true, there is no genuine issue of material fact regarding notice, and summary judgment was properly granted in favor of the debtor.

## 2. THE BANKRUPTCY COURT DID NOT COMMIT ERROR IN BASING ITS GRANT OF SUMMARY JUDGMENT ON A LEGAL ISSUE NOT BRIEFED TO THE COURT.

The second issue presented by Wonder–Bowl is whether the bankruptcy court erred by granting summary judgment for the debtor on the basis of legal issues that had not been briefed by counsel.[8] Wonder–Bowl

cites only to *Dempsey–Tegeler & Co., Inc. v. Otis Oil & Gas Corp.*, 293 F.Supp. 1383 (D.Colo.1968) in support of this argument.

▇▇▇▇ The *Dempsey–Tegeler* decision, however, is distinguishable. In that case, a district court exercised its discretion to refuse to decide an issue until counsel had briefed and argued it to the court. 293 F.Supp. at 1388. The better rule is stated in *Brown v. Termplan, Inc., of East Atlanta*, 693 F.2d 1047, 1049 (11th Cir.1982): "[A] trial court can *sua sponte* address a legal issue raised by neither party." The effect of Wonder–Bowl's argument would restrict a trial court to basing its decision upon those legal authorities the parties happened to cite, regardless of how inapposite those authorities might be. Moreover, the trial court raised the section 544 issue at oral argument; there was no objection, and both parties presented their contentions regarding the applicability of section 544. While there may be circumstances where the sua sponte introduction of a legal issue denied a party due process of law, those circumstances do not appear here.

## CONCLUSION

Under section 674 of the California Civil Procedure Code, an abstract of judgment lacking the debtor's driver's license number and social security number can be corrected by amendment. This amendment does not make the abstract of judgment valid as against a purchaser who obtained an interest in the property after the original abstract of judgment was filed, but before the amendment was filed, unless the purchaser had actual notice.

7. Wonder–Bowl suggests the trial court was required to make a finding of fact with regard to constructive or inquiry notice, and the failure to do so is reversible error. This is incorrect. On a motion for summary judgment, "[t]here is no requirement that the trial judge make findings of fact. The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Liberty Lobby, supra,* 477 U.S. at 250, 106 S.Ct. at 2511 (footnote omitted).

8. Wonder–Bowl, in its statement of issues, alleges that section 544 was neither briefed "nor argued" by counsel. To the extent that this statement suggests section 544 was never even discussed until the bankruptcy court rendered its decision, it is incorrect. The transcript of oral argument demonstrates that section 544 was argued before the court by both parties, although it was the bankruptcy judge who first suggested its possible application.

Section 544 of the Bankruptcy Code permits a trustee (and, through 11 U.S.C. § 1107, a debtor-in-possession) to avoid such a lien if it could be avoided by a bona fide purchaser. The debtor's prepetition knowledge is not imputed to the debtor-in-possession. The existence of the inadequate abstract of judgment is neither constructive nor inquiry notice, under the terms of section 674(d). Because a hypothetical bona fide purchaser on the date of the bankruptcy would have neither actual, constructive, nor inquiry notice of the abstract of judgment, Wonder–Bowl's interest is avoidable under section 544(a)(3).

The fact that the bankruptcy court granted summary judgment in this case based on a legal issue that the parties did not raise or brief themselves is not sufficient reason to reverse the judgment. First, section 544 was raised by the judge at oral argument without objection, and both parties made arguments regarding that section. Second, case law supports the conclusion that a trial judge may raise legal issues sua sponte. Third, the effect of Wonder–Bowl's argument would be to restrict all court decisions to the legal authorities cited by the parties, no matter how inapposite those legal authorities might be. Accordingly the decision of the bankruptcy court is AFFIRMED.