In re Carrol G. VARNER, Debtor.

**A.O. SMITH WATER PRODUCTS CO., Appellant,**

v.

**Carrol G. VARNER, and United States Trustee, Appellees.**

BAP No. NC–97–1640–RRYN.
Bankruptcy No. 96–13117.
Adversary No. 97–1076.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted March 18, 1998.

Decided March 31, 1998.

868

Russell F. Rowen, Lerner & Veit, P.C., San Francisco, CA, for A.O. Smith Water Products Co., appellant.

John H. MacConaghy, Law Offices of John H. Mac Conaghy, Oakland, CA, for Carrol G. Varner, appellee.

Before RUSSELL, RYAN, and NIELSEN,[1] Bankruptcy Judges.

*OPINION*

RUSSELL, Bankruptcy Judge.

The debtor filed a complaint to avoid a creditor's abstract of judgment under § 544(a)(3).[2] The bankruptcy court entered judgment in favor of the debtor, and the creditor appeals. For the reasons set forth below, we REVERSE the bankruptcy court's judgment.

I.  FACTS

The material facts are not in dispute. Appellant Carrol G. Varner ("Varner") owned a one-half interest in certain commercial real property in San Rafael, California ("real property"). Appellee A.O. Smith Water Products Co. ("Smith") obtained a judgment in the amount of $23,836.15 against Varner in 1992 in connection with a trade debt, and recorded an abstract of judgment in the Official Records of the County of Marin.

Varner filed a chapter 11 case in September 1996, and at all times has acted as a debtor in possession in the case. He filed a complaint in March 1997 against Smith and six additional defendants, including Accurate Heating & Cooling, Inc. ("Accurate Heating"), to determine the validity of the defendants' liens and to assert avoidance powers under § 544. The complaint alleged that all of the defendants' abstracts of judgment were void because they failed to set forth Varner's social security number and/or driver's license number, as required by California Code of Civil Procedure § 674. All of the defendants except Smith either settled or had their default entered prior to trial.

Varner and Smith stipulated to the following facts for trial:

1.  Defendant A.O. Smith Water Products Co. is a corporation duly authorized to conduct business in the State of California.

2.  At all relevant times, Plaintiff has been the owner of a ½ fee simple interest in the real property commonly known as 516–536 Irwin St./55 De Luca Pl., San Rafael, CA. ("the subject real property").

3.  On October 21, 1992, judgment was entered in favor of Defendant A.O. Smith Water Products Co. against Plaintiff in the amount of $23,836.15 in the action *A.O. Smith Water Products Co. v. Varner Supply et al,* Marin County Municipal Court Case No. V921589. This judgment remains wholly unsatisfied at this time, and represents a valid obligation of the Plaintiff.

4.  On December 28, 1992, Defendant A.O. Smith Water Products Co. caused to be recorded a document entitled "Abstract of Judgment" in the Official Records of the County of Marin as Document No. 92103279. The "Abstract of Judgment" was on a standard form prescribed by the Judicial Council of the State of California. If valid, the Abstract of Judgment would create a judgment lien against Plaintiff's interest in the subject real property.

---

1.  Hon. George B. Nielsen, Jr., Chief Bankruptcy Judge for the District of Arizona, sitting by designation.

2.  Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 and the Federal Rules of Bankruptcy Procedure, Rules 1001–9036.

5. The "Abstract of Judgment" did not contain the Social Security Number or Driver's License Number of the Plaintiff. Instead, Defendant marked the boxes for this information as being "unknown". Plaintiff contends that this is a defect in the Abstract of Judgment. Plaintiff agrees that the "Abstract of Judgment" is valid in all other respects.

6. At no time prior to the filing of the Petition for Relief did the Defendant have actual knowledge of the Social Security Number or Driver's License Number of the Plaintiff.

7. On September 16, 1996, Plaintiff filed a Chapter 11 petition in this Court. Plaintiff remains a debtor-in-possession.

Prior to trial, Varner filed a request for judicial notice of Smith's abstract of judgment and of the abstract of judgment recorded by defendant Accurate Heating, both of which were recorded in the Marin County Recorder's Office. Smith objected to the request for judicial notice of Accurate Heating's abstract of judgment. Smith asserted that the basis for the request was Varner's contention that Smith had constructive notice of Varner's social security number because the number was listed on Accurate Heating's abstract of judgment, but that the concept of constructive notice was inapplicable and Accurate Heating's abstract of judgment was therefore irrelevant and inadmissible.

The bankruptcy court conducted a trial on July 30, 1997. At the conclusion of the trial, the court took the matter under submission to consider the impact of *In re Kim*, 161 B.R. 831 (9th Cir. BAP 1993), on the merits of the case. The court issued a Memorandum of Decision on August 4, 1997, in which it concluded as a matter of law that Varner was entitled to avoid Smith's abstract of judgment under § 544(a)(3) and the holding in *Kim*. On August 19, 1997, the court entered a judgment in favor of Varner that avoided Smith's lien under § 544(a)(3), preserved the lien for the benefit of the estate under § 551, and awarded Varner costs of suit. Smith appeals.

## II. ISSUE

Whether an abstract of judgment recorded pursuant to California Code of Civil Procedure 674(a), which listed the judgment debtor's social security and driver's license numbers as "unknown," may be avoided under § 544(a)(3) when the judgment creditor had no actual knowledge of those numbers at the time it recorded the abstract of judgment or at any time prior to the bankruptcy filing.

## III. STANDARD OF REVIEW

A bankruptcy court's interpretations of bankruptcy statutes and state law are conclusions of law which are reviewed *de novo*. *In re Chappel*, 189 B.R. 489, 491 (9th Cir. BAP 1995). The material facts are not in dispute. Lien avoidance power is a question of law, and thus the ability to avoid a lien is reviewed *de novo*. *In re Berg*, 188 B.R. 615, 617 (9th Cir. BAP 1995).

## IV. DISCUSSION

Section 544(a), the "strong arm clause," gives a bankruptcy trustee special powers to set aside transfers or liens against property of the bankruptcy estate. 11 U.S.C. § 544(a).[3] *See also In re Marino*, 813 F.2d 1562, 1565 (9th Cir.1987). Although § 544 specifically gives avoidance powers only to a "trustee," § 1107[4] gives a debtor in

3. Section 544(a) provides, in pertinent part, as follows:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
. . . .
(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona

fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

4. Section 1107(a) provides:

§ 1107. Rights, powers, and duties of debtor in possession
(a) Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers,

possession all of the rights, powers and duties of a trustee, with certain exceptions not relevant to this case. The powers of a hypothetical bona fide purchaser for purposes of § 544(a) are determined by state law. *Marino*, 813 F.2d at 1565; *Kim*, 161 B.R. at 834. California Code of Civil Procedure § 674 (West 1998) ("CCP § 674")[5] is the applicable California statute that governs abstracts of judgment.

The bankruptcy court concluded as a matter of law that Varner was entitled to avoid Smith's abstract of judgment under § 544(a)(3) and *In re Kim*. The court's Memorandum of Decision stated, in pertinent part, as follows:

> Section 544(a)(3) of the Bankruptcy Code gives the representative of the bankruptcy estate the rights of a bona fide purchaser of real property. California Code of Civil Procedure section 674(b) makes it clear that an abstract of judgment is junior in priority to the rights of a bona fide purchaser. Accordingly, any judgment lien created by an abstract of judgment not containing a Social Security or driver's license number is avoidable

pursuant to section 544(a)(3). *In re Kim*, 161 B.R. 831 (9th Cir. BAP 1993).

The court finds no merit to A.O. Smith's argument that *Kim* is limited to cases where the creditor actually knew an identifying number and failed to use it. Neither *Kim* nor the California statute makes the reason for failure to include a number relevant. If a bona fide purchaser takes title to real estate without actual notice of an abstract of judgment which does not include an identifying number, his rights are superior to those of the judgment creditor. Since the terms of section 544 make the debtor's actual knowledge irrelevant (*Kim*, at 835), the rights of the bankruptcy estate are superior to the rights of any judgment creditor whose abstract of judgment fails to list an identifying number. The creditor can protect itself only by filing an Amendment to Abstract, pursuant to the California statute, before the filing of the bankruptcy.

Smith contends the bankruptcy court erred as a matter of law in concluding that "California Code of Civil Procedure section 674(b) makes it clear that an abstract of judgment is junior in priority to the rights of

---

and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter.

**5.** CCP § 674 states, in pertinent part:

**§ 674. Abstract of Judgment or decree; contents; amendment.**
(a) Except as otherwise provided in [a Family Code section], an abstract of judgment or decree requiring the payment of money shall be certified by the clerk of the court where the judgment or decree was entered and shall contain all of the following:
....
(6) The social security number and driver's license number of the judgment debtor if they are known to the judgment creditor; and, if either or both of those numbers are not known to the judgment creditor, that fact shall be indicated on the abstract of judgment.
....
(b) An abstract of judgment, recorded after January 1, 1979, that does not list the social security number and driver's license number of the judgment debtor, or either of them, as required by subdivision (a) or by Section 4506 of the Family Code, may be amended by the recording of a document entitled "Amendment

to Abstract of Judgment." The Amendment to Abstract of Judgment shall contain all of the information required by this section or Section 4506 of the Family Code, shall list both the social security number and driver's license number if both of those numbers were known at the date of recordation of the original abstract of judgment, or one of them, if only one was known, and shall set forth the date of recording and the book and page location in the records of the county recorder of the original abstract of judgment.

A recorded Amendment to Abstract of Judgment shall have priority as of the date of recordation of the original abstract of judgment, except as to any purchaser, encumbrancer, or lessee who obtained their interest after the recordation of the original abstract of judgment but prior to the recordation of the Amendment to Abstract of Judgment without actual notice of the original abstract of judgment. The purchaser, encumbrancer, or lessee may without actual notice may assert as a defense against enforcement of the abstract of judgment the failure to comply with this section or Section 4506 of the Family Code regarding the contents of the original abstract of judgment notwithstanding the subsequent recordation of an Amendment to Abstract of Judgment....

a bona fide purchaser." Smith argues in essence that the bankruptcy court's ruling ignored the fact that CCP § 674(b), which provides a mechanism for correcting a defective abstract of judgment, is not triggered unless an abstract of judgment is first found to be defective under the provisions of CCP § 674(a). Smith contends that the court's application of CCP § 674(b) to this case was unnecessary and incorrect given the parties' stipulation that Smith's abstract of judgment was valid at all times under CCP § 674(a).

Specifically, Smith asserts that CCP § 674(a) requires that an abstract of judgment contain a judgment debtor's social security and/or driver's license numbers only if those numbers are known to the judgment creditor at the time an abstract of judgment is recorded, and that an abstract of judgment is void only if a judgment creditor possesses the required information but withholds it at the time the document is recorded. The parties stipulated that Smith did not have actual knowledge of Varner's social security or driver's license numbers at the time its abstract of judgment was recorded and thus its abstract of judgment was valid at all times under CCP § 674(a).

Smith argues that the purpose of CCP § 674(b) is simply to provide a means of correcting an abstract of judgment that was defective when originally recorded because it failed to "list the social security number and driver's license number of the judgment. debtor, or either of them, *as required by subdivision (a)* ...." (Emphasis added.) Smith insists the phrase "as required by subdivision (a)" is crucial because a judgment debtor's social security and/or driver's license numbers are required under CCP § 674(a) only if the judgment creditor had actual knowledge of the information when it recorded the document.

Smith asserts that CCP § 674(b) therefore provides a bona fide purchaser priority only over a *defective* abstract of judgment, and that a creditor's failure to comply with CCP § 674(a) is the sole basis for a bona fide purchaser's defense against the enforcement of an abstract of judgment. Smith argues that such a defense is unavailable to Varner under the stipulated facts of this case, that its valid abstract of judgment was thus senior in priority to the rights of a bona fide purchaser, and that it could not be avoided under § 544(a)(3).

Smith further argues that the bankruptcy court's reliance on *Kim* was misplaced. Smith argues that the issue in this case differed from the issue in *Kim* and, in any event, *Kim* does not stand for the general proposition, as the court concluded in its Memorandum of Decision, that an abstract of judgment which lists a judgment debtor's social security and/or driver's license numbers as "unknown" may be avoided under § 544(a)(3), despite the fact the judgment creditor did not have actual knowledge of the information at the time the document was recorded.

Smith contends that the instant case turned on a determination of the validity or invalidity of Smith's abstract of judgment under applicable state law, based on the state of Smith's knowledge of information of Varner's social security or driver's license number at the time it recorded its abstract of judgment. By contrast, *Kim* addressed the different, although related, issue of whether an abstract of judgment that was already determined to be defective under applicable state law could be avoided by a bona fide purchaser under § 544.

Smith argues that the facts of *Kim* are distinguishable on the basis that the abstract of judgment in that case was defective when it was originally recorded. The judgment creditor had actual knowledge of the judgment debtor's social security and driver's license numbers at the time it recorded its abstract of judgment but nevertheless chose to list the information as "unknown." Smith acknowledges that *Kim* contains no statement by the BAP of whether the trial judge considered the state of the judgment creditor's knowledge when the creditor filed its original abstract of judgment, and made no ruling as to the effect of the judgment creditor's knowledge. Smith asserts that the BAP simply accepted the trial court's bare assertion that the abstract was void and proceeded to rule on the related issue of whether the defective lien could be avoided under § 544(a).

Smith bases its supposition that the judgment creditor's abstract of judgment in *Kim* was defective on the fact that the judgment creditor filed an Amendment to Abstract of Judgment, which included the debtor's social security and driver's license numbers, after the bankruptcy case was filed. Smith notes that a creditor does not need to record such an Amendment under CCP § 674(b) unless the creditor knew those numbers when it recorded its original abstract of judgment. Smith therefore surmises that the creditor must have known the information at the time of recordation, and asserts that the trial court was correct in concluding that the original abstract of judgment was void.

A careful reading of *Kim* reveals that Smith has accurately characterized the difference between the issue in this case and the issue under consideration in *Kim,* and has accurately described the factual distinction between the two cases.

In *Kim,* the creditor received a judgment against the debtor in February 1988, and recorded an abstract of judgment in that same month to establish a judgment lien against certain real property. The initial filing did not contain the debtor's driver's license and social security numbers. After the debtor filed her chapter 11 petition in 1991, the creditor filed an Amendment to Abstract of Judgment that included the necessary information. 161 B.R. at 832.

The debtor filed a complaint to avoid the judgment lien under § 545(2) on the grounds the initial filing was void because it lacked certain information required by CCP § 674, and alleged the Amendment to Abstract of Judgment was void as a violation of the automatic stay. The debtor filed a motion for summary judgment based on these legal theories. The creditor opposed the motion, contending that (1) the abstract of judgment was not automatically void under CCP § 674 simply because it lacked the debtor's social security and driver's license numbers, (2) CCP § 674 should not be interpreted to permit the lien to be avoided for the benefit of creditors unless they obtained an interest in the property and did not have actual notice of the creditor's interest, and (3) the automatic stay did not prohibit or void the filing of the Amendment to Abstract of Judgment. *Id.* at 833.

At the hearing on a summary judgment motion filed by the debtor, the trial court *sua sponte* raised the issue of the applicability of § 544(a)(3), which permits a trustee to avoid a lien without regard to any actual knowledge of the trustee or any creditor. The creditor contended that the debtor's actual knowledge of the existence of the abstract of judgment prevented it from avoiding the lien under § 544. The BAP then merely noted that "Findings of fact and conclusions of law entered by the trial judge found the initial judgment lien failed to note the social security number and driver's license number of the debtor, and thus the lien was void and unenforceable." *Id.*

It is true that the BAP did not specifically state whether the trial court, in reaching its determination that the lien was void and unenforceable, considered the state of the judgment creditor's knowledge when the creditor filed its original abstract of judgment. The BAP appears to have assumed that the factual basis for the trial court's determination was obvious. That not being the case, the only reasonable inference to be drawn is that the social security and driver's license numbers were known to the creditor in *Kim* at the time it recorded its abstract of judgment. Its Amendment to Abstract of Judgment reflected that knowledge and attempted to validate an abstract of judgment that was invalid when originally recorded.[6]

We believe the BAP in *Kim* accepted the trial court's "threshold" determination that the judgment creditor's abstract of judgment was defective under applicable state law, and proceeded to focus on the issue of whether a bona fide purchaser could avoid the defective abstract of judgment under § 544(a). This is reflected by the BAP's characterization of the issue on appeal as "Whether a debtor in possession with actual knowledge of an abstract of judgment lacking certain information required under California law may none-

---

6. Thus, we disagree with Varner's statement that *Kim* contained no indication that the judgment creditor had actual knowledge of the debtor's social security or driver's license numbers, and find no merit to his contention that the facts of the two cases are "virtually identical."

theless avoid a lien as a bona fide purchaser under section 544(a)(3)....." *Id.* The BAP's characterization of the issue in this manner reflects its assumption that the abstract of judgment was void.[7]

 We therefore conclude that the bankruptcy court's reliance on *Kim* was misplaced. *Kim* holds that CCP § 674(b) allows a bona fide purchaser priority over a defective abstract of judgment, *i.e.*, one that does not comply with the requirements of CCP § 674(a). The parties stipulated that Smith had no actual knowledge of Varner's social security or driver's license number at any time prior to the bankruptcy filing and, thus, its abstract of judgment was valid under the provisions of CCP § 674(a). Given the validity of the abstract of judgment under CCP § 674(a), the provisions of § 674(b) regarding correction of a defective abstract of judgment were inapplicable.[8] The bankruptcy court's inquiry need have gone no further than a determination of the validity of Smith's abstract of judgment, based on the state of Smith's knowledge of Varner's social security and driver's license numbers at the time it recorded its abstract of judgment.[9]

## V. CONCLUSION

We conclude as a matter of law that a debtor in possession cannot avoid a judgment creditor's lien under § 544(a)(3) when the creditor recorded its abstract of judgment

---

7. In light of our discussion above, we find no merit to Varner's contention that *Kim* does not require a debtor to prove actual knowledge by a judgment creditor.

8. Because we believe the provisions of § 674(b) are inapplicable to this case, we reject Varner's contention that Smith's "lack of actual knowledge" argument fails due to his purported confusion of §§ 674(a)(6) and 674(b).

Varner's argument in this regard contends that CCP § 674(a)(6) validates an abstract of judgment that lacks the requisite information *as against a judgment debtor*, unless the creditor had actual knowledge of the missing information, but that CCP § 674(b) provides otherwise with respect to bona fide purchasers because it contains no reference to the state of knowledge of a judgment creditor who records an abstract of judgment that lacks the requisite information. Thus, Varner argues, a creditor's state of knowledge has no bearing on a bona fide purchaser's rights under CCP § 674(b).

9. Varner argues extensively that Smith's abstract of judgment was voidable because Accurate

pursuant to California Code of Civil Procedure § 674(a), listed the debtor's social security and driver's license numbers as "unknown," and had no knowledge of the social security and driver's license numbers at the time the abstract was recorded or at any time prior to the bankruptcy filing. Accordingly, we REVERSE and direct the bankruptcy court to enter judgment in favor of the creditor.

---

Heating's recorded abstract of judgment provided Smith with constructive notice of Varner's social security number. He relies on Cal. Civil Code § 1213, among other authorities, for this proposition.

We agree with Smith that the statutory and case authorities cited by Varner in support of his "constructive notice" argument concern the provision of constructive notice to subsequent purchasers and mortgagees under the state's recording statutes, which are inapplicable to abstracts of judgment.

No case authority has been cited which charges a judgment creditor with constructive rather than actual knowledge of a judgment debtor's social security and/or driver's license number. In addition, CCP § 674 does not require a judgment creditor to check any records in order to determine a judgment debtor's social security or driver's license numbers prior to recording an abstract of judgment, a requirement that would impose enormous logistical burdens on judgment creditors.